UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLEN R. BLAIR,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF INDIANA, and ALLEN COUNTY SHERIFF,<br><br>Defendants. | CAUSE NO. 3:26-CV-1406-JD-AZ |

OPINION AND ORDER

Allen R. Blair, a prisoner without a lawyer, filed a complaint alleging he was sentenced to solitary confinement by a State court judge while he was a pretrial detainee at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Blair sues the State of Indiana. States are not "persons" who can be sued under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The State of Indiana must be dismissed.

Blair sues the Allen County Sheriff. Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). Blair's segregation qualifies as punishment, but the complaint makes clear he received due process. The Allen County Sheriff held him in solitary confinement, but he did so on order from a State court judge. Any due process to which Blair was entitled was an issue to be addressed with the State judge. The Allen County Sheriff must be dismissed.

Blair did not sue the State judge nor allege he was denied due process, but even if he did, this complaint would still not state a claim. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The State court judge had jurisdiction over Blair's criminal trial, and it was not outside of the judge's authority to order he be held in solitary confinement.

Blair alleges he was denied medication and medical treatment while at the jail. He does not identify who did this to him. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). These medical claims are unrelated to the segregation claims he brought in this lawsuit. "A litigant cannot throw all of his

grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Thompson v. Bukowski*, 812 Fed. Appx. 360, 363 (7th Cir. 2020) (noting that "mere overlap between defendants is not enough" and affirming dismissal of unrelated claims at the screening stage where plaintiff made "no specific argument" that the questions or law or fact were "common to all defendants").

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on September 25, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT